# Justices of Spencer County Court *vs* Harcourt.

MANDAMUS.

### APPEAL FROM THE SPENCER CIRCUIT.

*Case* 99

#### Offices incompatible. Mandamus.

CHIEF JUSTICE EWING delivered the opinion of the Court.

*May* 6.

THE Justices of the Spencer County Court made a rule on A. Harcourt, to show cause why the Court should not

The case stated.

4bm499
105 113

4bm 499
112 9

JUSTICES SPEN-
CER COUNTY C'T.
vs
HARCOURT.

make an order declaring that the office of Justice of the Peace, the duties of which the said Harcourt was then exercising, should not be vacated, upon the alledged ground that he was, before the issuing of his commission as Justice of the Peace, and ever since, holding the office and exercising the duties of Post Master at Mount Eden, under the government of the United States. Harcourt appeared in Court and admitted the truth of the facts alledged. Whereupon the County Court made an order declaring his seat as a member of the Court vacant.

Harcourt obtained a rule from the Circuit Court against the Justices, to show cause why a peremptory mandamus should not issue to restore him to his seat on the County Court bench, and to his rights and privileges as a Justice of the Peace. The Justices responded to the rule, showing the above admitted facts, which were again admitted by Harcourt in the Circuit Court. Whereupon the Circuit Court made an order for peremptory mandamus against the Justices, and they have appealed to this Court.

An appeal lies to this Court from the decision of the Circuit Court awarding a peremptory mandamus to the County Court, requiring them to restore to his seat on the bench of the County Court one whose seat they have declared vacant by their order.

1st. Will an appeal to this Court lie? The statute of 1796, (1 *Stat. Law*, 128,) authorizes an appeal where the judgment or decree of an inferior Court is final, and amounts, exclusive of costs, to thirty pounds, "or relates to a *franchise* or freehold." The office of Justice of the Peace, or the right to exercise the duties thereof, is a franchise; it confers on the Justice the right to try causes, and to receive the fees and emoluments of the office, and if qualified, according to seniority, to obtain the office of Sheriff, with all its fees and emoluments: (3 *Jacob's Law Dictionary*, 123.) The controversy before us "*relates*," therefore, "to a *franchise*," and an appeal will lie to this Court.

The County C't. having the right in aid of the Executive, to recommend to the Executive, suitable persons to fill the offices of Justices of the Peace, have as incident to such right, the power to decide when a vacancy occurs.

2nd. It is the right and duty of the Justices of the County Court, to recommend to the Executive a suitable person to fill the office of Justice of the Peace whenever the same is vacant, and as *incident to this* power they must determine whether the office is vacant or not. But this power is an executive and not a judicial power. It appertains to and is exercised in aid of the appointing power, which is executive and not judicial. If it were judicial and the order was deemed a judgment of emotion,

an appeal or writ of error would lie to this Court, and a mandamus, we presume, could not be sustained; as a mandamus would not be the proper remedy, nor could be directed to require a Court of original jurisdiction over the subject to change its judgment: *Taylor* vs *The Commonwealth*, (3 *J. J. Mar.* 406.)

—Such decisions have not the effect to remove the officer, the County Court has not such judicial power.

The order of the County Court declaring the office vacant, could not, therefore, have any effect in removing the officer, as the justices have no judicial power over the subject of removal.

3rd. But though they have not the power to remove or to determine judicially that the office has been forfeited, to entitle Harcourt to sustain his application for a peremptory mandamus, and to be restored to the exercise of the rights of a Justice of the Peace, he must show that he was a Justice, and had the constitutional and. legal right to exercise all the duties of the office. It was determined by this Court in the case of *Rodman* vs *Harcourt and Carico*, (4 *Ben. Monroe*, 224,) that the office of Justice of the Peace and Post Master were incompatible, and that the former office could not be held and the duties thereof exercised, under the constitution of this State, by a person holding and exercising, at the same time, the duties of the latter office.

The applicant for a mandamus, whose office of Justice of the Peace has been declared vacant by the County Court, must, to authorize its emanation, show that he is in fact, authorized to hold and exercise the office.

—The office of Justice of the Peace and Post Master are incompatible: (4 *B. Mon.* 224.)

It was error, therefore, to order the peremptory mandamus. The judgment of the Circuit Court is, therefore, reversed and cause remanded, that the rule for a peremptory mandamus may be discharged with costs; and the appellants are entitled to their costs in this Court.

*Harlan & Craddock* for appellants.